# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANGELA L. SELDERS**                                             **CIVIL ACTION**

**VERSUS**                                                                   **NO. 15-865-EWD**

**COMMISSIONER OF SOCIAL**                            **CONSENT CASE**
**SECURITY**

---

## RULING AND ORDER ON MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Before the Court is Plaintiff's Counsel's Motion and Brief in Support of Motion for Attorney Fees Under the Equal Access to Justice Act (the "Motion").[1] The Commissioner filed a Response.[2] For the reasons that follow, the Motion is **GRANTED**.[3] Plaintiff is awarded EAJA[4] fees of $4,515.00.

## Background

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of her application for disability insurance benefits and supplemental security income.[5] Plaintiff filed a Memorandum in Support of Appeal on July 25, 2016.[6] The Commissioner filed an Answer on September 23, 2016.[7] That same date, the Commissioner filed an Unopposed Motion to Remand under sentence four of 42 U.S.C. § 405(g) for further administrative

---

[1] R. Doc. 17.
[2] R. Doc. 18.
[3] All parties executed a Consent to Proceed Before a United States Magistrate Judge on March 29, 2016 (R. Doc. 10) and an Order of Reference from the District Judge was issued on March 30, 2016. (R. Doc. 11)   All proceedings in this matter are, therefore, to be handled by the undersigned.
[4] Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)("EAJA").
[5] *See*, R. Doc. 13, ¶ I.
[6] R. Doc. 13.
[7] R. Doc. 14.

proceedings.[8]  This Court issued an Order and Final Judgment reversing and remanding the case to the Commissioner for further proceedings under the fourth sentence of 42 U.S.C. § 405(g).[9] The instant Motion seeks a fee award under the EAJA of $4,515.00.[10]

The Commissioner does not dispute that Plaintiff was the prevailing party and is thus entitled to a fee award under the EAJA, nor does the Commissioner dispute that the number of hours of work performed (30.1) and the hourly rate sought ($150.00) are reasonable.  The Commissioner only notes in her Response that, while the Motion seeks to have the requested fee paid to Plaintiff's counsel, the Supreme Court has held that an EAJA fee award is payable directly to the prevailing litigant, rather than the litigant's attorney.[11]

### Law and Analysis

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States.[12]  Attorney fees shall be awarded to a prevailing party "unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust."[13]  The Commissioner does not dispute that Plaintiff is the prevailing party and is, therefore, entitled to an award of fees and costs under the EAJA. The Commissioner also does not dispute either the number of hours for which Plaintiff is claiming compensation or the hourly rate sought.[14]

---

[8] R. Doc. 15.
[9] R. Doc. 16.
[10] R. Doc. 17.
[11] R. Doc. 18, pp. 1-2.
[12] 28 U.S.C. § 2412.
[13] 28 U.S.C. § 2412(d)(1)(A).
[14] This district has consistently exceeded the $125.00 cap in cases decided since 2014. *See, e.g., Porter v. Colvin*, No. 12-768, 2014 WL 6633086, at *1 (M.D. La. Nov. 21, 2014)(collecting cases holding that hourly rate of $150 was "consistent with the rate generally applied by this court" and noting cases indicating thirty to forty hours is the typical number of hours sought for EAJA fees); *Watkins v. Comm'r of Soc. Sec.*, No. 11-617, 2014 WL 129065, at *2 (M.D. La. Jan. 9, 2014) (same); *Crain v. Colvin*, No. 14-12, 2015 WL 7761326 at *2 (M.D. La. Dec. 2, 2015); *Williams v. Colvin*, No. 13-10, 2015 WL 1323347, *1 (M.D. La. March 24, 2015)(same); *Craig v. Colvin*, No. 15-583, 2016 WL 4689044 at *2 (M.D. La. Sept. 6, 2016).  Most recently, this court has held that $175.00 per hour was a reasonable fee

The court has reviewed the Itemization of Time submitted in support of the Motion[15] and agrees that 30.1 hours is a reasonable amount of time and $150.00 is a reasonable hourly rate.  The EAJA fee is to be paid directly to Plaintiff,[16] however, but can be mailed to Plaintiff's counsel.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner shall remit to Plaintiff's counsel a check made payable to "Angela Selders" for attorney fees in the amount of $4,515.00 (30.1 hours at $150.00) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).  The check may be mailed to Plaintiff's counsel.  Full or partial remittance of the awarded fee is contingent upon a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the Government.  If such debt(s) exist, the Commissioner will reduce the awarded attorney fee in this Order to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth herein.

Signed in Baton Rouge, Louisiana, on January 27, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

with a cost-of-living adjustment to the statutory cap of $125.00.  *See, Gann v. Colvin*, No. 14-189 (M.D. La. Jan. 27, 2017), R. Doc. 32, p. 5.
[15] R. Doc. 17-1.
[16] *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521, 2528–29, 177 L.Ed.2d 91 (2010).